NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| In the Matter of the Necessity for the Hospitalization of<br><br>MARK V. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Supreme Court No. S-18585<br><br>Superior Court No. 3AN-16-00221 PR<br><br><u>MEMORANDUM OPINION AND JUDGMENT</u>*<br><br>No. 2031 – May 22, 2024 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Megan R. Webb, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for Mark V. Katherine Demarest, Assistant Attorney General, Anchorage, and Treg Taylor, Attorney General, Juneau, for State of Alaska.

Before: Maassen, Chief Justice, and Henderson, and Pate, Justices. [Carney and Borghesan, Justices, not participating.]

## I.     BACKGROUND

Mark V.[1] has been diagnosed with schizoaffective disorder. Because of Mark's illness, he has been hospitalized at the Alaska Psychiatric Institute (API) multiple times since 1996. His most recent period of hospitalization began in June

---

\*      Entered under Alaska Appellate Rule 214.

[1]     We use a pseudonym to protect the respondent's privacy.

2015, after he stabbed his parents during a psychotic episode.[2] Mark has appealed several prior decisions related to his hospitalization at API.[3] In this case, Mark appeals an October 2022 order extending his involuntary commitment based on a finding that he was mentally ill and, as a result, likely to cause harm to others. He concedes he was mentally ill but argues the superior court erred by finding that he was likely to cause harm to others. Because the record supports the court's findings, we affirm the commitment order.

## II.    FACTS AND PROCEEDINGS

In October 2022, API petitioned the superior court for an order extending Mark's involuntary commitment by 180 days.[4] The superior court held a hearing to consider that petition. The State called Mark's treatment provider as its only witness. The provider testified about Mark's diagnosis and an incident in July 2022 in which Mark stated that he remembered stabbing his parents and that attacking them had "made [him] feel like a rock star."

Mark did not call any witnesses, but he made several statements on the record. Mark complained that the medications he was taking prevented him from achieving sexual gratification. The court acknowledged that this issue had been raised. Mark responded, "That's an issue that someone killed someone for. And has every goddamned right to, okay?"

---

[2]     *See In re Hospitalization of Mark V*., 501 P.3d 228, 230 (Alaska 2021).

[3]     *See In re Hospitalization of Mark V*., No. S-18353, 2023 WL 6620319 (Alaska Oct. 11, 2023); *In re Hospitalization of Mark V*., No. S-18266, ___ WL ___ (Alaska May 22, 2024); *In re Hospitalization of Mark V*., No. S-17881, 2022 WL 165057 (Alaska Jan. 19, 2022); *In re Mark V*., 501 P.3d 228; *In re Hospitalization of Mark V*., 375 P.3d 51 (Alaska 2016), *abrogated in part by In re Hospitalization of Naomi B*., 435 P.3d 918 (Alaska 2019); *In re Hospitalization of Mark V*., 324 P.3d 840 (Alaska 2014), *overruled in part by In re Naomi B*., 435 P.3d 918.

[4]     *See* AS 47.30.770 (describing 180-day commitment procedure).

Mark also sang and played guitar for the court for approximately 15 minutes. Then he expressed anger and frustration about his situation. He spoke at length about using his guitar to bash in someone's skull and smash someone's face. At one point he said he was "not going to do that." But he later stated, "I'd just as soon . . . kill you as look at you."

At the conclusion of the hearing, the superior court made findings on the record and issued an oral order granting the commitment petition. The court noted the parties did not dispute that Mark had a mental illness. It then found there was clear and convincing evidence that Mark was likely to harm others if released from API. The court later issued a written order incorporating the findings it made on the record.

## III.    RESOLUTION OF MARK'S APPEAL

Mark argues the superior court erred by finding he was likely to harm others because some evidence showed his condition had been improving and he had not recently been violent toward anyone. We have reviewed the record, and we conclude it supports the superior court's finding, by clear and convincing evidence, that Mark was likely to cause serious harm to others if he were to be released from API.[5] We therefore AFFIRM the superior court's order granting the petition for an additional 180-day period of commitment.

---

[5] *See* AS 47.30.915(15) (defining "likely to cause serious harm"); *In re Mark V.*, 501 P.3d at 234 ("We review factual findings in involuntary commitment . . . proceedings for clear error and will reverse 'only if we have a definite and firm conviction that a mistake has been made.'" (quoting *In re Hospitalization of Luciano G.*, 450 P.3d 1258, 1262 (Alaska 2019))); *Tong Vang v. Pa Kou Xiong*, 531 P.3d 979, 983 (Alaska 2023) ("We afford particular deference to factual findings based primarily on oral testimony, because the trial court is better suited to judge the credibility of witnesses and weigh conflicting evidence." (quoting *Kristina B. v. Edward B.*, 329 P.3d 202, 207 (Alaska 2014))); *In re Hospitalization of Jacob S.*, 384 P.3d 758, 766 (Alaska 2016) ("Conflicting evidence is generally insufficient to overturn a fact[ual] finding, and we will not reweigh evidence if the record supports the court's finding.").